PER CURIAM.
Colby Allen Smith appeals the sentences imposed on remand following this court’s opinion in Smith v. State, 844 So.2d 755 (Fla. 1st DCA 2003), for crimes he committed on March 17, 1997. We REVERSE and REMAND for resentencing using an appropriate scoresheet that reflects the proper scoring of Smith’s attempt offenses at two levels below the completed offenses, pursuant to the guidelines in effect prior to the 1995 guidelines. See § 777.04(4)(a), Fla. Stat. (1993) (“Except as otherwise provided in s. 921.0012, the offense of criminal attempt or criminal solicitation is ranked on the offense severity ranking chart in s. 921.0012 two levels below the offense attempted or solicited is, was, or would have been ranked on the offense severity ranking chart.” (emphasis added)); Reid v. State, 799 So.2d 394, 400 (Fla. 4th DCA 2001) (“Prior to the enactment of chapter 95-184 ..., section 777.04(4)(a), Florida Statutes (1993), provided that the severity level of second degree murder was dropped by two levels for an attempt. Section 95-184 changed the law to require that one level be dropped for an attempt. However, in Heggs v. State, 759 So.2d 620 (Fla.2000), the supreme court held that chapter 95-184 violated the single subject rule and was thus invalid with respect to crimes committed between October 1, 1995 and May 24, 1997. Since appellant committed the charged crimes on April 30, 1997, the amended version of the statute, which would have reduced appellant’s offense by only one level for an attempt, does not apply.” (citation omitted)).
KAHN, WEBSTER and BROWNING, JJ., concur.